US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 16 2019

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 3:19 CR 30003-005 |
| | ) |
| JERRY DON "JD" RICHARDSON | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this Agreement. The agreement of the parties is as follows:

### COUNTS OF CONVICTION AND DISMISSAL

1. The Defendant, Jerry Don "JD" Richardson, hereby agrees to plead guilty to count thirteen (13) of the Indictment charging the Defendant with possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). If the Court accepts this Plea Agreement, once the Court has pronounced sentence, the United States will move to dismiss the remaining counts of the Indictment applicable to the Defendant and the forfeiture allegation.

### CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE

2. The Defendant acknowledges that he has been advised and understands that he has a right to have a United States District Judge presiding when he enters a guilty plea and that he can exercise that right without concern or reservation. The Defendant and the United States hereby consent to have the proceedings required by Rule 11 of the Federal Rules of Criminal Procedure

incident to the making of the plea to be conducted by the United States Magistrate Judge. If, after conducting such proceedings, the Magistrate Judge recommends that the plea(s) of guilty be accepted, a presentence investigation and report will be ordered pursuant to Federal Rule of Criminal Procedure 32. The Defendant acknowledges that his plea of guilty is subject to approval and acceptance by the District Judge and that sentencing will be conducted by the District Judge.

## WAIVER OF OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

3.  The parties acknowledge that pursuant to 28 U.S.C. § 636(b)(1)(B), the failure to file objections to the Report and Recommendation within fourteen (14) days bars them from objecting to the District Court's acceptance of the guilty plea as recommended by the Magistrate Judge. Having been advised of the right to object to the Report and Recommendation, the parties wish to waive that right for the purpose of expediting acceptance of the guilty pleas(s) in this matter. Accordingly, evidenced by their signatures appearing below, the parties hereby waive the right to object to the Magistrate Judge's Report and Recommendation Concerning Plea of Guilty, and consent to acceptance of the same by the United States District Judge so that acceptance of the guilty plea(s) may proceed forthwith.

## ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA(S)

4.  The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crime(s) to which the Defendant is pleading guilty. The Defendant has committed each of the elements of the crime(s) to which the Defendant is pleading guilty, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

   a. On February 19, 2019, the Hon. P.K. Holmes, III authorized the interception of wire and electronic interceptions from cellular telephone number 870-577-4617, which was utilized by Zachery Manning (hereafter "Manning telephone"). From February 19, 2019 through March 15, 2019, the FBI intercepted all text messages and telephone calls to and from the Manning telephone. The interceptions

      revealed that the defendant, Jerry Don "JD" Richardson, acted in an agent capacity for Zachery Manning, a distributor of methamphetamine.

b.    For example, on March 3, 2019 at approximately 9:20 pm, a telephone call was intercepted between the defendant and Zachery Manning. In this call, the defendant and Manning discuss the arrest of their co-conspirator Steven Kollin as he was leaving Manning's place of business earlier in the day. The following dialogue took place:

      Manning: Yup time to shut down.

      Defendant: But look, we can shut down but we can't shut down our hours at the shop like this.

      Manning: Ya I know, I know, ya.

      Defendant: So one of us has got to be fuckin' uh at the shop, [explicative redacted] around.

      (later in the conversation)

      Defendant: Umm... everybody's got to meet us with in half a mile from the house if we keep on slingin' and nothing can be stored in the house.

c.    During the period of interception on the Manning telephone, on March 7, 2019 at approximately 4:25 pm the FBI caused the defendant to be traffic stopped by the Harrison Police Department for a license plate violation. The defendant was arrested for driving without a driver's license.

d.    The defendant's person was searched incident to this arrest, and in the defendant's pocket an aerosol can of liquid lubricant was located. The arresting officer noted an unusual weight of the can, and upon inspecting it discovered that the can housed a false compartment which contained a quantity suspected of methamphetamine and several small baggies indicative of packaging methamphetamine for sale.

e.  The suspected methamphetamine was sent to the DEA laboratory for analysis, which determined the substance to be 40.61 grams of actual methamphetamine.

f.  Based upon the intercepted communications from the Manning telephone, accompanying surveillance, the items seized from the defendant and the defendant's home, and statements of co-conspirators, the defendant acknowledges that the United States could prove beyond a reasonable doubt that the methamphetamine seized from him on March 7, 2019, in the Western District of Arkansas, was possessed by the defendant with the intent to distribute it.

## ADVICE OF RIGHTS

5.  The Defendant hereby acknowledges that he has been advised of and fully understands the following constitutional and statutory rights:

   a.  to have an attorney and if the Defendant cannot afford an attorney, to have one provided to him and paid for at the United States' expense;
   b.  to persist in his plea of not guilty;
   c.  to have a speedy and public trial by jury;
   d.  to be presumed innocent until proven guilty beyond a reasonable doubt;
   e.  to confront and examine witnesses who testify against him;
   f.  to call witnesses on his behalf;
   g.  to choose to testify or not testify and that no one could force the Defendant to testify; and,
   h.  to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

6.  The Defendant hereby acknowledges that he understands with respect to each count to which he pleads guilty, he thereby WAIVES all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF "HYDE" CLAIM

7. The Defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

8. The Defendant agrees that if after signing this Plea Agreement the Defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the Defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, or if the Defendant violates any term of this Plea Agreement, takes a position at sentencing which is contrary to the terms of this Plea Agreement or attempts to withdraw from this Plea Agreement, this shall constitute a breach of this Plea Agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this agreement and the United States shall be free to reinstate dismissed charges or pursue additional charges against the Defendant. The Defendant shall, however, remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the Court.

9. The Defendant further agrees that a breach of any provisions of this Plea Agreement shall operate as a WAIVER of Defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and the United States shall be allowed to use and to introduce into evidence any one or more of the following:

    a. admissions against interest, both oral and written, made by the Defendant to any person;
    b. statements made by the Defendant during his change of plea hearing;
    c. the factual basis set forth in the Plea Agreement;
    d. any testimony given under oath in these proceedings or to a grand jury or a

   petit jury;

e. any and all physical evidence of any kind which the Defendant has provided to the United States; and,

f. any and all information provided by the Defendant to the United States' attorneys, or to federal, state, county, and/or local law enforcement officers.

## STIPULATION ON DRUG QUANTITY

10. The United States and the Defendant agree that the most readily provable amount of drugs for which the Defendant should be held accountable is at least 50 grams of methamphetamine, but less than 150 grams of methamphetamine. Pursuant to U.S.S.G. §2D1.1, this quantity of drugs equates to a gross base offense level of 30. Should the Court find the Defendant qualifies as a career offender pursuant to U.S.S.G. § 4B1.1, the Defendant acknowledges his gross base offense level will be adjusted accordingly.

## MAXIMUM PENALTIES

11. The Defendant hereby acknowledges that he has been advised of the maximum penalties for each count to which he is pleading guilty. By entering a plea of guilty to count thirteen (13) of the Indictment, the Defendant agrees that he faces:

a. a maximum term of imprisonment for 20 years;
b. a maximum fine of $1,000,000;
c. both imprisonment and fine;
d. a term of supervised release which begins after release from prison;
e. a possibility of going back to prison if the Defendant violates the conditions of supervised release;
f. a special assessment of $100.00 for each count of conviction.

## CONDITIONS OF SUPERVISED RELEASE

12. The Defendant acknowledges that if a term of supervised release is imposed as part of the sentence, the Defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the Court. The standard conditions of

supervised release are as follows:

    a. The Defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the Defendant to report to a different probation office or within a different time frame.
    b. After initially reporting to the probation office, the Defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the Defendant shall report to the probation officer as instructed.
    c. The Defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.
    d. The Defendant shall answer truthfully the questions asked by the probation officer.
    e. The Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the Defendant lives with), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
    f. The Defendant shall allow the probation officer to visit the Defendant at any time at his or her home or elsewhere, and the Defendant shall permit the probation officer to take any items prohibited by the conditions of the Defendant's supervision that he or she observes in plain view.
    g. The Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the Defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the Defendant plans to change where the Defendant works or anything about his or her work (such as the position or the job responsibilities), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
    h. The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
    i. If the Defendant is arrested or questioned by a law enforcement officer, the Defendant shall notify the probation officer within 72 hours.
    j. The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or Tasers).
    k. The Defendant shall not act or make any agreement with a law enforcement agency

      to act as a confidential human source or informant without first getting the permission of the court.
l. If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require the Defendant to notify the person about the risk and the Defendant shall comply with that instruction. The probation officer may contact the person and confirm that the Defendant has notified the person about the risk.
m. The Defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## NO OTHER CHARGES

13. The United States agrees that no other federal charges, which stem from the activities described in the Indictment, will be brought against the Defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

14. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the Defendant to any sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

15. The Defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The Defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. Further, the Defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the Defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

16.     At the sentencing hearing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the Defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

17.     In the event that it is determined that the Defendant has not been truthful with the Court as to any statements made while under oath, this Plea Agreement shall not be construed to protect the Defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE UNITED STATES

18.     The United States agrees not to object to a recommendation by the Probation Office or a ruling of the Court which awards the Defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the Court accepts a recommendation in the Presentence Report that the Defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the United States will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if the Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this agreement, b)

falsely denies additional relevant conduct in the offense, c) is untruthful with the United States, the Court or probation officer, or d) materially breaches this Plea Agreement in any way.

## UNITED STATES' RESERVATION OF RIGHTS

19. Although the United States agrees not to object to certain findings by the Probation Office or to rulings of the Court, it reserves the right to:

    a.    make all facts known to the Probation Office and to the Court;
    b.    call witnesses and introduce evidence in support of the Presentence Report;
    c.    contest and appeal any finding of fact or application of the Sentencing Guidelines;
    d.    contest and appeal any departure from the appropriate Guideline range; and,
    e.    defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the United States in this Plea Agreement which are favorable to the Defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

20. The United States' concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the Defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the Defendant acknowledges that there is no right to withdraw the guilty plea.

## DISMISSAL OF COUNTS

21. The United States' agreement to dismiss certain counts of the Indictment is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the United States' motion to dismiss the agreed counts of the Indictment, the Defendant shall be afforded the right to withdraw his plea pursuant to Rule 11(c)(5)(B) of the Federal Rules of Criminal Procedure.

## AGREEMENT NOT BINDING ON THE COURT

22. The parties agree that nothing in this Agreement binds the District Court to:

       a. make any specific finding of fact;
       b. make any particular application of the Sentencing Guidelines;
       c. hand down any specific sentence;
       d. accept any stipulation of the parties as contained in this Plea Agreement; and,
       e. accept this Plea Agreement.

23. The United States and the Defendant acknowledge that the Court has an obligation to review the Presentence Report before it accepts or rejects this Plea Agreement.

### AGREEMENT DOES NOT BIND ANY OTHER ENTITY

24. The parties agree that this Plea Agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

### SPECIAL ASSESSMENT

25. The Defendant agrees to pay $100.00 as the special assessment in this case.

### REPRESENTATIONS BY DEFENDANT

26. By signing this Plea Agreement, the Defendant acknowledges that:

    a. The Defendant has read this Agreement (or has had this Agreement read to him) and has carefully reviewed every part of it with defense counsel.
    b. The Defendant fully understands this Plea Agreement and is not under the influence of anything that could impede the Defendant's ability to fully understand this Plea Agreement.
    c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.
    d. The Defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.
    e. The Defendant has entered into this Plea Agreement freely, voluntarily, and without reservation and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

### REPRESENTATIONS BY DEFENSE COUNSEL

27. By signing this Plea Agreement, counsel for the Defendant acknowledges that:

    a. Counsel has carefully reviewed every part of this Agreement with the Defendant and this Agreement accurately and completely sets forth the

     entire agreement between the United States and the Defendant.

  b.  Counsel has explained the ramifications of the Plea Agreement to the Defendant, and believes that the Defendant understands this Plea Agreement, what rights are being lost by pleading guilty, and what the United States has agreed to do in exchange for the plea of guilty.

  c.  Counsel believes that the Defendant's decision to enter into this Agreement is an informed and voluntary one.

### PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

29. The Defendant and his attorney both acknowledge that this Plea Agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the Defendant to change his plea to guilty.

Dated this __30__ day of __August__, 2019.

_____  
Jerry Don "JD" Richardson  
Defendant

_____  
Mauricio Herrera  
Attorney for Defendant

DUANE (DAK) KEES  
UNITED STATES ATTORNEY

By: _____  
Brandon Carter  
Assistant U.S. Attorney